UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT WEIS,

                           Plaintiff,

   v.                                               9:22-CV-0782
                                                                    (BKS/DJS)

ANTHONY J. ANNUCCI,

                           Defendant.

---

APPEARANCES:

ROBERT WEIS
Plaintiff, pro se
20-A-0817
Hudson Correctional Facility
Box 576
Hudson, NY 12534

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      The Clerk has sent to the Court for review a pro se complaint filed by plaintiff Robert Weis ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  Dkt. No. 1 ("Compl.").  Plaintiff, who is currently confined at Hudson Correctional Facility ("Hudson C.F."), paid the full statutory filing fee.

**II.    SUFFICIENCY OF THE COMPLAINT**

    **A.  Standard of Review**

1

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

2

conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id*. at 364. A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Because he is proceeding pro se, the Court will construe the allegations in plaintiff's complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

**B. Summary of the Complaint**

On August 24, 2020 and August 25, 2021, plaintiff received medical antibiotics to treat a "growth" on his neck. Compl. at 4. On November 18, 2021, plaintiff received additional

3

medical treatment for the "growth" and was referred to a specialist.  *Id*.

On November 23, 2021, plaintiff was treated for an abscess on his nose.  Compl. at 5.  Plaintiff told the doctor that he was previously treated for carcinoma in the same area.  *Id*.  The doctor referred plaintiff to a specialist.  *Id*. On December 2021, plaintiff was examined by an otolaryngologist for the abscess.  *Id*

On February 10, 2022, plaintiff was examined by an otolaryngologist, Dr. Leapman, for the growth on his neck.  Compl. at 4.  Dr. Leapman ordered a CAT scan, which was performed on February 22, 2022.  *Id*.  The results were "inconclusive."  *Id*.

On March 9, 2022, plaintiff underwent a biopsy of the abscess on his nose that revealed carcinoma.  Compl. at 5.  A biopsy of the "growth," performed on March 30, 2022, was inconclusive.  *Id*. at 4.

On April 18, 2022, plaintiff saw Dr. Leapman and discussed the possibility of surgery on his nose and neck.  Compl. at 5.

On April 23, 2022, plaintiff asked to see a doctor because his abscess was "growing and bleeding."  Compl. at 5.  Plaintiff was not treated.  *Id*.  On May 5, 2022, plaintiff submitted a letter to the Nurse Administrator requesting surgery.  *Id*.  On May 17, 2022, plaintiff's request for medical treatment for his "growth" was denied.  *Id*.

On May 31, 2022, plaintiff underwent surgery on his neck and nose at Albany Medical Center.  Compl. at 5.

On June 13, 2022, plaintiff was scheduled to undergo reconstructive surgery, but it was canceled due to the presence of cancerous cells.  Compl. at 5.  Dr. Leapman recommended a treatment plan and requested a "PET scan" and a referral to a specialist for

4

skin cancer. *Id*.

On July 13, 2022, plaintiff saw Dr. Leapman. Compl. at 6. Dr. Leapman asked plaintiff if he had undergone a PET scan or seen a specialist. *Id*. Plaintiff said "no to both questions." *Id.*

Plaintiff currently suffers from an open wound on the left side of his nose and under his left eye. Compl. at 6.

Construing the complaint liberally[1], plaintiff asserts Eighth Amendment deliberate medical indifference claims against defendant Acting Commissioner Anthony J. Annucci ("Annucci"). Compl. at 7. Plaintiff seeks monetary damages. *Id.* For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

## C.  Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself

---

[1] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

## III. ANALYSIS

### A. Eighth Amendment

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Although the Constitution does not mandate a comfortable prison setting, prisoners are entitled to 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.' " *Brown v. Doe*, No. 13 Civ 8409, 2014 WL 5461815, at *6 (S.D.N.Y. Oct. 28, 2014) (quoting, *inter alia, Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component of an Eighth Amendment deliberate indifference medical claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (internal quotation marks omitted). Under the subjective element, medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v.*

6

*Armstrong*, 143 F. 3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553). "Deliberate indifference requires more than negligence but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). To assert a claim for deliberate indifference, an inmate must allege that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702. The inmate must also demonstrate that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U .S. at 835. An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105-06.

Plaintiff claims that DOCCS failed to "timely and properly" treat his medical conditions resulting in pain, suffering, and scarring. Compl. at 4, 6. Annucci is the only named defendant in this action.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered."

*Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability.").  "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' "  *Id.* (quoting *Iqbal*, 556 U.S. at 676).

      Here, the complaint lacks facts suggesting that Annucci was personally involved in plaintiff's medical treatment or any Eighth Amendment violations.  Indeed, while Annucci is identified as a defendant in the caption and list of parties, Annucci is not referenced anywhere in the recitation of facts or statement of claims.  In the absence of factual allegations sufficient to plausibly suggest that the defendant was personally involved in conduct that violated plaintiff's constitutional rights, the complaint fails to state a cognizable claim against him.  *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

      Plaintiff's attempt to assert an Eighth Amendment claim against Annucci based upon his position as Acting Commissioner, is also subject to dismissal.  Allegations that a defendant is liable in a section 1983 action based solely upon the position he held in DOCCS is not enough to establish personal involvement.  *See Marcus v. Annucci*, No. 20-CV-06234,

8

2022 WL 280935, at *4 (S.D.N.Y. Jan. 31, 2022) (citing, *inter alia, Smart v. Annucci*, No. 19-CV-07908, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021) (explaining that "[m]erely being in the chain of command is not enough to" plead personal involvement requirement)). Upon review, because the complaint fails to implicate Annucci in any unconstitutional conduct, plaintiff's claims against Annucci are dismissed without prejudice pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B.  Dismissal With Opportunity to Amend

Upon review, and with due regard for plaintiff's status as a pro se litigant, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  In light of his pro se status, plaintiff is afforded the opportunity to file an amended complaint.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  In any amended complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claims that the individuals named as defendants engaged in misconduct or wrongdoing that violated his constitutional rights.  Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Plaintiff is advised that if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(A) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, together with a copy of the complaint.

Dated: September 6, 2022
  Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge